CATHERINE ALLEN PERKINS                     CIVIL ACTION

VERSUS                                      NO: 09-294

STATE FARM FIRE AND CASUALTY                SECTION: J(5)
COMPANY

## ORDER AND REASONS

Before the Court is Plaintiff Catherine Allen-Perkins'

**Motion to Dismiss Without Prejudice (Rec. Doc. 19)** and Defendant

State Farm Fire & Casualty Company's ("State Farm" or

"Defendant") **Response Memorandum in Opposition (Rec. Doc. 21).**

## PROCEDURAL HISTORY

This action is one of hundreds of Hurricane Katrina

insurance coverage disputes brought against State Farm by the

Hurricane Legal Center ("HLC") in August of 2007.  Originally,

these suits were included in a mass joinder suit entitled <u>Aguda

v. State Farm Fire & Casualty Insurance Company</u>, No. 07-4457.

These suits underwent numerous procedural steps as the actions

were consolidated with the <u>Katrina Canal Breaches Consolidated

Litigation</u>, No. 05-4182, subsequently deconsolidated, and

eventually severed from one another on December 30, 2008 with the

remaining plaintiffs ordered to file individualized complaints.

In <u>Aguda</u>, Plaintiff asserted this Court's authority to hear

this matter under diversity jurisdiction, 28 U.S.C. § 1332(a).

Plaintiff also claimed damage from wind, wind driven rain, and

non-natural flooding.  Per ruling by the Supreme Court of Louisiana, and the Fifth Circuit, that a standard homeowners flood exclusion unambiguously excludes coverage for flood damage, Plaintiff no longer claims relief for flood related damage.  In re: Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007); Sher v. Lafayette Insurance Co., 988 So. 2d 186 (La. 2008) Therefore, according to Plaintiff, her claims no longer exceed the diversity jurisdiction amount in controversy requirement and this court should dismiss her claims, without prejudice, so she can re-file this matter in state court.

Plaintiff alternatively asks this Court to dismiss her claims without prejudice on the basis that Defendant wants to engage in "actual litigation" instead of continuing settlement negotiations.  Since the inception of this litigation, the HLC has engaged in settlement negotiations with State Farm.  The parties have been able to successfully reach an amicable agreement in many cases.  Nevertheless, negotiations related to the remaining claims, including those of Plaintiff, have been for naught.  Defendant's desire to move forward with litigation in lieu of continuing settlement negotiations has led to Plaintiff's filing of the current motion to dismiss.

After reviewing the record, file, and the parties' motions and memoranda, this Court finds as follows:

## THE PARTIES' ARGUMENTS

Plaintiff argues that her claims should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) for two reasons.  First, according to Plaintiff, her claims no longer meet the amount in controversy required to litigate under diversity jurisdiction; and secondly, because Defendant desires to actually litigate this matter.

Defendant argues that this Court should not grant Plaintiff's motion to dismiss without prejudice because at the onset of the litigation, Plaintiff affirmatively invoked this Court's diversity jurisdiction and cannot later claim that the Court lacks jurisdiction simply because the amount in controversy *may* have dropped below $75,000.  Defendant also claims that its desire to actually litigate the case is not grounds for dismissal without prejudice.  Lastly, Defendant believes that it would suffer clear, cognizable, legal prejudice if Plaintiff were allowed to dismiss this case without prejudice and re-file in state court.

## DISCUSSION

### *Amount in Controversy*

Plaintiff's first argument, which states this Court should dismiss her suit without prejudice because her claims no longer meet the necessary amount in controversy, is without merit.  In her complaint, Plaintiff asserted this Court's authority to hear

3

this matter under diversity jurisdiction, 28 U.S.C. § 1332(a), which requires the amount in controversy to exceed $75,000. Because the amount in controversy was satisfied as of the date of the complaint, the general rule holds that it is not to be reevaluated based on post-filing events. Lee v. Empire Ins., 2009 WL 2160437 (E.D. La. Jul. 15, 2009) (citing Hall v. Earthlink Network, Inc., 396 F.3d 500, 506 (2d Cir. 2005)); see also Hatten v. Estes Cadillac, Inc., 625 F. Supp. 913, 916 (E.D. La. 1986) (quoting C. Wright, E. Miller & A. Cooper, Federal Practice and Procedure: Jurisdiction § 3702 (1976)) (stating "[t]he amount in controversy is determined at the time suit is filed in federal court. Subsequent events, 'whether beyond plaintiff's control or the result of his own volition,' cannot destroy the Court's jurisdiction once it has been acquired").

There are, however, a few exceptions to this general rule. The Court can revisit the issue if the amount in controversy was made in bad faith in the original complaint, or if post-filing events illustrate a mistake in the complaint with respect to the amount in controversy. Hall, 396 F.3d at 507. Additionally, the Court can revisit the issue if post-filing events reveal that claims were invalid at the time of filing. Id.

In her motion, Plaintiff does not allege that the aforementioned exceptions apply to this matter. She does not claim that she made a bad faith allegation or a mistake in

claiming the amount in controversy in the original complaint.

Nor does she allege that any of her claims were invalid at the

time of filing.[1]  Therefore, this matter should not be dismissed

simply because post-filing events may have reduced the amount in

controversy pertaining thereto.

### Rule 41(a)(2)

Plaintiff also argues that her claims should be dismissed

without prejudice pursuant to Rule 41(a)(2) because Defendant

actually wants to litigate the case.  It befuddles the Court as

to why Plaintiff believes this is a valid reason for moving to

dismiss without prejudice.  Nevertheless, the Court will analyze

whether a Rule 41(a)(2) dismissal, without prejudice, is

appropriate for any other reason.

Rule 41(a)(2) states, in pertinent part, that "an action may

be dismissed at the plaintiff's request only by court order, on

terms that the court considers proper."  Fed. R. Civ. P. Rule

41(a)(2).  Unless the court order says otherwise, a dismissal

pursuant to Rule 41(a)(2) shall be without prejudice.  Id.

However, given that "[t]he primary purpose of Rule 41(a)(2) is to

prevent voluntary dismissals which unfairly affect the other

---

[1]Plaintiff may attempt to claim that her flood claims were
invalid at the time of filing.  However, it was the Louisiana
Supreme Court's opinion in Sher v. Lafayette Insurance Co., 988
So. 2d 186 (La. 2008), a post-filing event, which essentially
invalidated these claims.  They were not necessarily invalid at
the time of the filing.

side," <u>Elbaor v. Tripath Imaging, Inc.</u>, 279 F.3d 314, 317 (5th Cir. 2002), the Fifth Circuit has held that "if a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, [a motion for] voluntary dismissal without prejudice should be denied." <u>Hartford Accident & Indemnity Co. v. Costa Lines Cargo Services, Inc.</u>, 903 F.2d 352, 360 (5th Cir.1990). Further, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." <u>Id.</u> (citing <u>Kramer v. Butler</u>, 845 F.2d 1291, 1294-95 (5th Cir. 1988)).

Plaintiff's motion comes two years after her initial suit was filed with the mass joinder in federal court. Notwithstanding the voluminous litigation that occurred during that period, even if this Court were to focus merely on the events occurring after Plaintiff filed her individual complaint, the Court finds that legal prejudice would exist if this motion were granted without condition.

The efforts taken by Defendant since the filing of Plaintiff's individualized complaint are similar to those considered to result in a legal prejudice to the defendant in <u>Lockwood v. State Farm</u>, No. 09-431 (E.D. La. Oct. 20, 2009). As did the defendant in <u>Lockwood</u>, Defendant in this matter filed an answer; filed a Statement of Corporate Disclosure; served

Plaintiff with Interrogatories and Requests for Production (which

Plaintiff sought, and received, an extension of time to answer);

and filed a Motion to Compel Plaintiff's Responses to

Interrogatories and Requests for Production.  It is therefore

clear that Defendant will suffer "some cognizable prejudice

greater than the mere prospect of a second lawsuit" should this

motion be granted.

Having decided that legal prejudice exists, this Court has

two options, "deny the motion outright[,] or . . . craft

conditions that will cure the prejudice."  Elbaor, 279 F.3d 317–

18.  This Court has decided to craft conditions that will cure

the prejudice.  However, should Plaintiff decide not to accept

these conditions, the Court will deny the motion outright.

***Curative Conditions***

This Court finds persuasive the methodology utilized in

Lockwood to formulate an appropriate curative condition.  In

Lockwood, the Court examined those steps taken by the defendant

that would have to be duplicated,[2] or would be considered

wasteful,[3] should the matter be re-filed in state court.  An

examination of the efforts taken by the defendant led the

Lockwood Court to decide that should the matter be dismissed

---

[2]Filing an answer, interrogatories, and requests for
production.

[3]Filing a Statement of Corporate Disclosure.

without prejudice, the prejudicial effect suffered by the Defendant would be cured if the plaintiff paid the defendant $1,500, representing attorneys fees and costs.  Given the similarities between the current matter and <u>Lockwood</u>, this Court finds that $1,500 in attorneys fees and costs to be an appropriate curative condition as well.

Therefore, Plaintiff's Motion to Dismiss without Prejudice will be granted if Plaintiff pays Defendant $1,500 for the attorney's fees and costs related to those efforts not applicable to any subsequent state court suit.  If Plaintiff is unwilling to pursue this condition, her motion to dismiss will be denied.

In the interest of efficiency and justice, Plaintiff has ten days from the entry of this order in which to inform the court of her decision.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to dismiss be **GRANTED, IF conditions set forth by the court are satisfied**.

New Orleans, Louisiana, this <u>28th</u> day of <u>October</u>, 2009.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE